```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE WESTERN DISTRICT OF TENNESSEE
                   WESTERN DIVISION
```
_____

**KEENA WELLS and GERNARD** )
**WELLS**[1], )
)
)
    **Plaintiffs**, )
)
v. ) No. 04-3033 Ma/P
)
**BARLOWORLD TRUCK CENTER, INC.**,)
)
    **Defendant.** )
_____

    **ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**
_____

    Plaintiffs Keena Wells ("Wells") and Gernard Wells (together, "Plaintiffs")bring this action under Title VII of the Civil Rights Act of 1964, as amended at 42 U.S.C. §§ 2000e et. seq. alleging unlawful race, sex, and pregnancy discrimination and retaliatory discharge by Defendant Barloworld Truck Center, Inc. ("Barloworld"). Barloworld filed a motion for summary judgment on November 18, 2005, to which Plaintiffs responded on January 31, 2006. Barloworld replied on February 15, 2006.

**I. Jurisdiction**

    The court has jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3) and (4). Under 28 U.S.C. § 1391(b), venue is proper in

___

[1] The Plaintiffs' filings use various spellings for Mr. Wells' first name. Because "Gernard" is the spelling used in the Complaint, the court will use "Gernard".

this district because the action arises from events occurring in the Western District of Tennessee.

**II. Background**

The following facts are undisputed. Wells is married to Gernard Wells. (Compl. at ¶ 4.) Wells was employed by Barloworld as a permanent employee from January 2003 through the termination of her employment in June 2003. (Compl. at ¶¶ 6-14.) On June 26, 2003, Wells filed a Charge of Discrimination against Barloworld with the Equal Employment Opportunity Commission (no. 250-2003-01999). In the Charge of Discrimination, Wells alleged that Barloworld had discriminated against her on the basis of her sex and her pregnancy and had retaliated against her, in violation of Title VII of the Civil Rights Act of 1964. (Wells Depo pp. 240, 255.)

On August 7, 2003, Plaintiffs filed a joint voluntary Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the Western District of Tennessee. (Ex. 2, Mtn. for Summ. J., Case No. 03-33526, p2.) Schedule B of the voluntary petition required Plaintiffs to list any "contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims" and to give the estimated value of each those claims. Plaintiffs marked "None" and did not list Wells' claims against Barloworld. (Ex. 2, Mtn. for Summ. J., p. 7). As part of the voluntary petition, Plaintiffs signed a Declaration

Concerning Debtor's Schedules and declared "under penalty of perjury that I have read the foregoing summary and schedules...and that they are true and correct to the best of my knowledge, information and belief." (Exhibit 2, p. 25). Attached to the voluntary petition was a Statement of Financial Affairs, which required Plaintiffs (in relevant part) to "[l]ist all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case." (Ex. 2, Mtn. for Summ. J., p. 20.) Plaintiffs did not list the EEOC Charge that Wells had filed against Barloworld on the Statement of Financial Affairs, and Plaintiffs signed, under penalty of perjury that this information was true and correct. (Ex. 2, Mtn for Summ. J., pp. 20,24.)

Plaintiffs first Bankruptcy case was dismissed on November 19, 2003 without confirmation for failure to make payments pursuant to the Chapter 13 plan (Ex. 2, Mtn. for Summ. J., p.30.) On December 11, 2003, Plaintiffs filed a second joint voluntary Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the Wester District of Tennessee. (Ex. 3, Exemplified Bankruptcy Records, Case No. 03-41215, p. 2.) Plaintiffs did not disclose the EEOC Charge in this second bankruptcy petition. (Ex. 3, Mtn. for Summ. J. pp 19,21.)

On or about September 27, 2004, the EEOC mailed Wells a "right to sue" notice with respect to her Charge against

3

Barloworld. (Compl. ¶ 1.)  On December 20, 2004, Plaintiffs filed the instant action against Barloworld.

On January 25, 2005, the bankruptcy court entered an order requiring Plaintiffs to repay their unsecured creditors at the rate of 10% of their outstanding indebtedness. (Exhibit 3, Mtn. for Summ. J. P.32.)  On March 17, 2005, the bankruptcy court dismissed Plaintiffs' second bankruptcy case. (Wells Depo, p. 17.) Plaintiffs did not amend their voluntary petitions/schedules in either Case No. 03-33526 or in Case No. 03-41215 to include either the EEOC charge and/or the subsequent lawsuit against Barloworld.

### III. Summary Judgment Standard

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). So long as the movants have met their initial burden of "demonstrat[ing] the absence of a genuine issue of material fact," Celotex, 477 U.S. at 323, and the nonmoving party is unable to make a contrary showing, summary judgment is appropriate, Emmons v. McLaughlin, 874 F.2d 351, 353 (6th Cir. 1989). In considering a motion for summary judgment, "the evidence as well as all inferences drawn therefrom must be read in a light

most favorable to the party opposing the motion." Kochins v. Linden-Alimak, Inc., 799 F.2d 1128, 1133 (6th Cir. 1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

When confronted with a properly-supported motion for summary judgment, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); Abeita v. TransAmerica Mailings, Inc., 159 F.3d 246, 250 (6th Cir. 1998). A genuine issue of material fact exists "if the evidence [presented by the nonmoving party] is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In essence, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-52.

**IV. Analysis**

Section 521(1) of the Bankruptcy Code requires a debtor to file "a schedule of assets and liabilities, a schedule of current income and current expenditures, and a statement of the debtor's financial affairs." 11 U.S.C. § 521(1). It is well-settled that a cause of action is an asset that must be scheduled under § 521(1). See Eubanks v. CBSK Financial Group, Inc., 385 F.3d 894, 897 (6th Cir.2004); Cusano v. Klein, 264 F.3d 936, 945 (9th Cir.

2001).  Moreover, "[t]he duty of disclosure is a continuing one, and a debtor is required to disclose all potential causes of action."  In re Coastal Plains, Inc., 179 F.3d 197, 208 (5th Cir. 1999) (quoting Youngblood Group v. Lufkin Fed. Savings & Loan Ass'n, 932 F.Supp. 859, 867 (E.D.Tex. 1996))."[T]he disclosure obligations of consumer debtors are at the very core of the bankruptcy process and meeting these obligations is part of the price debtors pay for receiving the bankruptcy discharge."  In re Colvin, 288 B.R. 477, 481 (Bankr.E.D.Mich. 2003).

The doctrine of judicial estoppel "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." New Hampshire v. Maine, 532 U.S. 742, 749, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001) (citation omitted).  Judicial estoppel preserves the integrity of the courts by preventing a party from abusing the judicial process through cynical gamesmanship.  Browning v. Levy, 283 F.3d 761, 776 (6th Cir. 2002).

In Browning, the Sixth Circuit described judicial estoppel as barring a party from "(1) asserting a position that is contrary to one that the party has asserted under oath in a prior proceeding, where (2) the prior court adopted the contrary position either as a preliminary matter or as part of a final disposition."  Id. 283 F.3d at 775 (internal quotation omitted).

Here, it is undisputed that the Plaintiffs have taken a

6

position contrary to and inconsistent with the position taken in both of their prior bankruptcies.  Plaintiffs represented under oath in both cases that they had no prior "suits or administrative proceedings" within one year of the filing of their bankruptcy petitions and that they had no "contingent and unliquidated claims" of any nature.  It is also undisputed that Plaintiffs never amended their prior petitions/schedules to reflect the fact that they had a contingent and unliquidated claim against Barloworld. Plaintiffs' pursuit of the instant case is clearly contrary to their earlier representations before the bankruptcy court and inconsistent with their prior non-disclosures.

Confirmation of a debtor's plan by a bankruptcy court constitutes judicial adoption of the prior inconsistent position. See Lewis v. Weyerhaeuser Co., 141 Fed. Appx. 420, 2005 WL 1579713 (6th Cir. 2005); Jethro v. Omnova Solutions, Inc., 412 F.3d 598, 600 (5th Cir. 2005). It is undisputed that the bankruptcy court confirmed the Plaintiffs' Chapter 13 plan in their second bankruptcy proceeding on February 19, 2004.

Plaintiffs concede that the prerequisites for judicial estoppel are present.  However, they argue that the omission of the claim against Barloworld was inadvertent and that they would not derive an unfair advantage from being allowed to proceed with their claim because both of their bankruptcy petitions were dismissed. (Resp. to Mtn. for Summ. J. at 5.)    It is well-settled that

7

judicial estoppel does not apply where the prior inconsistent position occurred because of "mistake or inadvertence." Browning, 283 F.3d at 776; See also New Hampshire, 532 U.S. at 753, 121 S.Ct. 1808 ("We do not question that it may be appropriate to resist application of judicial estoppel when a party's prior position was based on inadvertence or mistake.") (internal quotation omitted).  To determine whether the debtor's omission might be deemed inadvertent, the Browning court adopted the approach taken by the Fifth Circuit Court of Appeals in In re Coastal Plains, Inc., 179 F.3d 197 (5th Cir.1999).  Under that approach, the failure to disclose a cause of action may be deemed inadvertent where (1) "the debtor lacks the knowledge of the factual basis of the undisclosed claims," or (2) "the debtor has no motive for concealment." Browning, 283 F.3d at 776 (citing In re Coastal Plains, Inc., 179 F.3d at 210).

The Plaintiffs' omission may not be deemed inadvertent under Browning.  Wells filed a Charge of Discrimination with the EEOC on June 26, 2003. Less than two months later on August 7, 2003, Plaintiffs filed their first bankruptcy petition.  Their second bankruptcy petition was filed on December 11, 2003.  Plaintiffs clearly had knowledge of the factual basis of the undisclosed discrimination claim when they filed both bankruptcy petitions.  Plaintiffs also had motive to conceal their claim.  Concealment would have preserved an additional asset for them rather than their

8

creditors.

The Plaintiffs contend that the Sixth Circuit departed from Browning in Eubanks and urge the court to depart from Browning in this case.  In Eubanks, the Sixth Circuit reversed the district court's decision to apply judicial estoppel despite the plaintiffs' knowledge of a potential lender liability claim that they had omitted from their Chapter 7 bankruptcy petition. Although the plaintiffs in Eubanks had omitted their cause of action from their bankruptcy schedules, they had (1) notified the bankruptcy trustee of the claim during a meeting and the trustee had requested all of the documents regarding the claim; (2) asked the trustee on several occasions over several months whether he intended to pursue the claim on behalf of the estate; (3) moved the bankruptcy court for a status conference on the issue of the lender liability claim; (4) unsuccessfully moved to allow the trustee to be substituted for plaintiffs in the lender liability action after the trustee had refused to abandon the claim in bankruptcy proceeding; and (5) filed an amendment to their bankruptcy schedules after the defendant had filed a motion to dismiss on the basis of judicial estoppel.  See id. at 895-97.  The court held that, although the plaintiffs had knowledge of the potential lender liability claim during the pendency of the bankruptcy proceeding, the actions described above demonstrated that their omission was in good faith and in all likelihood inadvertent given the plaintiffs' "constant

9

affirmative" efforts to inform the trustee and the bankruptcy court of the claim "through correspondence, motions, and status conference requests..." Id. at 899 & n. 3.

Thus, under Eubanks, even if a debtor has knowledge of a potential cause of action and a motive to conceal it, if the plaintiff does not actually conceal it and instead takes consistent and affirmative steps to inform both the trustee and the bankruptcy court, judicial estoppel is not appropriate because it is unlikely that the omission in the bankruptcy petition was intentional. Here, the Plaintiffs never sought to amend their bankruptcy schedules, nor did they file a motion or make any other attempt to inform the bankruptcy court of Wells' discrimination claim against Barloworld.

The Plaintiffs argue that they would have amended their schedules, but that their bankruptcy case had already been dismissed. This argument is unpersuasive. There is no evidence that the Plaintiffs sought to amend and correct their schedules before the omission was challenged by Barlowold. Allowing plaintiffs to amend their filings only after a challenge by an adversary "suggests that a debtor should consider disclosing potential assets only if he is caught concealing them. This so-called remedy would only diminish the necessary incentive to provide the bankruptcy court with a truthful disclosure of debtors' assets." Burnes v. Pemco Aeroplex, Inc. 291 F.3d 1282, 1286 (11th

10

Cir. 2002) (citations omitted).

Plaintiffs asserted a contrary position under oath in their prior bankruptcy proceedings, and the court confirmed their second bankruptcy plan on the basis on the asserted contrary position. Therefore, judicial estoppel is appropriate under <u>Browning</u>. The Plaintiffs have not offered any evidence of affirmative efforts to inform the bankruptcy court of Wells' claim or to correct the omission of the claim from their bankruptcy filings. Therefore, an exception to the doctrine of judicial estoppel under <u>Eubanks</u> would not be appropriate. This action is barred by judicial estoppel.

**V. Conclusion**

Defendant's motion for summary judgment is GRANTED. This action is barred by the doctrine of judicial estoppel.

So ORDERED this 25th day of May 2006.

                                   _____
                                   s/SAMUEL H. MAYS, JR.
                                   UNITED STATES DISTRICT JUDGE